9027/RHD
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

Attorneys for Defendant Hanjin Shipping Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD., <br><br> Plaintiff, <br><br> -against- <br><br> M/V "HANJIN PHOENIX," her engines, tackle, boilers, etc., and HANJIN SHIPPING CO., LTD., <br><br> Defendants. | 07 Civ. 6351 (HB) <br><br> **ANSWER** |

Defendant Hanjin Shipping Co. Ltd. ("Hanjin"), by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answering the complaint of the plaintiff, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph First.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph Second.

3. Admits the allegations of paragraph Third.

4. Admits that Hanjin is engaged in business as a carrier of containerized cargo for hire and was a charterer of the HANJIN PHOENIX, but except as so specifically admitted, denies the allegations of paragraph Fourth.

5. Admits that the M/V HANJIN PHOENIX is a ship employed in the carriage of containerized cargo by water for hire, but except as so specifically admitted, denies the allegations of paragraph Fifth.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph Sixth.

7. Admits that container HJCU7583176 was delivered to the vessel HANJIN BEIJING at Xingang and thereafter transshipped to the vessel HANJIN PHOENIX for carriage to Los Angeles under sea waybill HJSCXNGA05271801, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph Seventh.

8. Admits that Hanjin received the container and agreed to carry it in consideration for payment of freight to Los Angeles, but except as so specifically admitted, denies the allegations of paragraph Eighth.

9. Denies the allegations of paragraph Ninth.

10. Denies the allegations of paragraph Tenth.

### AS AND FOR AFFIRMATIVE DEFENSES TO ALL CLAIMS, HANJIN ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

11. Repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

### FIRST AFFIRMATIVE DEFENSE

12. The above shipment was subject to all the terms, conditions and exceptions contained in a certain sea waybill issued therefor for which the shippers, owners, consignees or holders of said sea waybill agreed to be bound and are bound.

## SECOND AFFIRMATIVE DEFENSE

13. Any loss and/or damage to the above shipments was due to causes for which Hanjin is not liable or responsible by virtue of the provisions the applicable Carriage of Goods by Sea Act and/or Harter Act and/or general maritime law.

## THIRD AFFIRMATIVE DEFENSE

14. Plaintiff failed to mitigate its damages.

## FOURTH AFFIRMATIVE DEFENSE

15. Any damage to and/or loss of the above shipments was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shippers or receivers and their agents or the nature of the shipment, including inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

## FIFTH AFFIRMATIVE DEFENSE

16. Liability, if any, is limited to $500 per package or, for goods not shipped in packages, $500 per customary freight unit.

## SIXTH AFFIRMATIVE DEFENSE

17. This Court is an improper forum pursuant to the forum selection clause in Hanjin's bill of lading.

WHEREFORE, Hanjin prays for:

(a) An order dismissing plaintiff's complaint;

(b) An award of all costs including attorneys' fees; and

(c) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       September 19, 2007

                        Respectfully submitted,

                        CICHANOWICZ, CALLAN, KEANE,
                        VENGROW & TEXTOR, LLP
                        Attorneys for Defendant Hanjin Shipping Co. Ltd.

                        By: s/ Randolph H. Donatelli
                              Randolph H. Donatelli (RHD-5359)
                        61 Broadway, Suite 3000
                        New York, New York 10006-2802
                        (212) 344-7042

TO:   Richard F. Salz
       c/o MSI Claims (USA), Inc.
       560 Lexington Avenue – 20th Fl.
       New York, NY 10022
       (212) 230-2967

## CERTIFICATE OF SERVICE BY ECF AND U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 19, 2007, I served a complete copy of Defendant Hanjin Shipping Co. Ltd.'s Answer by ECF and U.S. Mail to the following attorney at their ECF registered address and by regular U.S. Mail at the following address:

TO:  Richard F. Salz
     c/o MSI Claims (USA), Inc.
     560 Lexington Avenue – 20th Fl.
     New York, NY 10022
     (212) 230-2967

*/s/ Jennifer Scianna*
Jennifer Scianna

DATED:  New York, New York
        September 19, 2007